UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_____TAMPA_____ Division

PROVIDED BY LIBERTY CI
JAN 19 2023
FOR MAILING

CIVIL RIGHTS COMPLAINT FORM

RICHARD WILLIAMS, D.C. # 0-169535

CASE NUMBER: 8:23 cv 126 MSS-TGW
(To be supplied by Clerk's Office)

_____

(Enter full name of each Plaintiff and prison number, if applicable)

v.

CHARLIE J. CRIST,

RICKY DIXON,

DARRELL D. DIRKS,

Tampa Police Department.
(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

_____ /

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Liberty Correctional Institution, 11064
(Indicate the name and location)
N.W. Dempsey Barron Road, Bristol, FL. 32321-9711

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): N/A

      Defendant(s): N/A

   2. Court (if federal court, name the district; if state court, name the county):

      N/A

   3. Docket Number: N/A

   4. Name of judge: N/A

   5. Briefly describe the facts and basis of the lawsuit: N/A

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): N/A

   7. Approximate filing date: N/A

   8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: __N/A__

IV. <u>PARTIES</u>: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: __Richard Williams, D.C. # 0-169535__

Mailing address: __Liberty Correctional Institution, 11064 N.W. Dempsey Barron Road, Bristol, FL 32321-9711__

B. Additional Plaintiffs: __N/A__

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: __Charlie J. Crist__

Mailing Address: __Office of the Attorney General, Criminal Appeals Division, Concourse Center 4, 3507 E. Frontage Rd., Suite 200, Tampa, FL 33607-7013__

Position: __Attorney General of record__

Employed at: __Office of the Attorney General__

D. Defendant: __Ricky Dixon__

Mailing Address: __Florida Department of Corrections, Central Office, 501 South Calhoun St., Tallahassee, FL 32399__

DC 225 (Rev 2/2012)                               3

Position: Secretary, Florida Department of Corrections

Employed at: Florida Department of Corrections

E. Defendant: Darrell D. Dirks

Mailing Address: 770 E. Twiggs St., Tampa, FL. 33602-4019

Position: Assistant State Attorney of record

Employed at: State Attorneys' Office, Thirteenth Judicial Circuit

F. Defendant: N/A

Mailing Address: N/A

Position: N/A

Employed at: N/A

G. Defendant: N/A

Mailing Address: N/A

Position: N/A

Employed at: N/A

V.  **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

I am being illegally held and deprived of my liberty without lawful authority in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution by the Secretary, Florida Department of Corrections, the Attorney General's Office, and the 13TH Judicial Circuit. The record clearly shows that I was acquitted of the indictment charge of First Degree Pre-Meditated Murder. I have not been charged with any statutory criminal offense to support a conviction. I have been deprived of my due process guarantee to be notified of the offense of Second Degree Murder.... see attachment

VI. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

I filed an institutional DC1-303 Appeal and Direct Grievance to the Office of the Secretary, Florida Department of Corrections (see exhibit C of "Mandamus" Petition filed on November 14, 2022 under case no.: 8:22-cv-00910-SDM-AEP) in which I notified Ricky Dixon that he was serving as a "willing accomplice" to the Attorney General and Trial Judge Pageant's violation of my Constitutional due process rights by their unlawful prosecution of a Second Degree Murder trial on February 14-15, 2006 in Hillsborough County, Thirteenth Judicial Circuit, by knowingly detaining me within the Department of Corrections prison system. Constitutional due process required that if the State wished to proceed with a lesser degree of Second Degree Murder, I would need to be

re-arraigned, charges refiled, with the prosecution of criminal case beginning anew. As prosecuting Assistant State Attorney of record, Darrell D. Dicks failed to uphold my United States Constitutional right to be notified of the charge against me, thus violating my Fourteenth Amendment rights. As presiding Attorney General of record, Charlie J. Crist must of necessity shoulder the blame for these gross violations clearly outlined in the "Petition for Writ of Habeas Corpus in the Style of Immediate Resolution," filed on October 26, 2006, and again in the "Amended Petition for a Writ of Habeas Corpus," filed on May 7, 2021, and currently pending in a "28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus" filed on April 19, 2022. Besides the exhibits A, B, C, D, E which are attached to my "Emergency Petition for a Writ of Mandamus" under case number 8:22-cv-00910-SDM-AEP. I am referencing all of the well documented injuries and acts of violence committed against me including Prisoner Rape Elimination Act violations perpetrated against me, ie.: Around 2012-2013 when arriving at Santa Rosa Correctional Institution I was brutally assaulted by two correctional officers while I was still restrained by hand and leg shackles, I submitted grievances, and was supported by eye-witnesses who grieved what they observed; Around 2008-2009 whiled housed at Washington Correctional Institution I was brutally assaulted by two inmates, after a review and assessment by medical I was escorted to confinement where photographs were taken of my injuries; Around 2014-2018 while located at Columbia Correctional Institutional Annex I was raped by inmate "Reichert" in which I was able to provide a semen sample as proof; Around 2020-2021 while located at Okeechobee Correctional Institution I was raped by an unknown inmate who remains at large. All of these horrendous acts were committed against me during the unlawful seventeen plus years that I have been unconstitutionally detained within the Florida D.O.C., without having been charged with a statutory criminal offense, as I am totally innocent.

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

I am seeking emergency judicial action in the form of an immediate release from incarceration, as

well as money damages for the well documented constitutional violations which led to my unlawful conviction and sentencing. In addition, I am seeking full compensation in the form of money damages for deprivation of rights, character defamation and loss of income. Finally, I am seeking exhaustive compensation in the form of money damages for all injuries, physical and mental pain and suffering, and my forced subjection to numerous Prisoner Rape Elimination Act incidents, throughout seventeen plus years of unlawful incarceration, as well as any other relief this Court deems necessary and warranted. I am seeking maximum compensation available and provided for under Florida state and Federal law.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 19TH day of January, 2023.

_____
(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**
I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 19TH day of January, 20 23.

DC 225 (Rev 2/2012)

7

## V. STATEMENT OF CLAIM.... continued

- I have been subjected to a U.S. Constitutional Double Jeopardy violation by being tried twice under the same nullified and voided indictment.

- 2012-2013 Immediately after arrival to Santa Rosa Correctional Institution I was brutally assaulted by two correctional officers, and sedated with psychotropic injections while still restrained by hand and leg shackles. These allegations are supported by eye witness testimony who grieved what they observed.

- 2008-2009 While located at Washington Correctional Institution I was brutally assaulted by two black inmates during early morning hours in the vicinity of the inmate dining area. After assessment by medical staff I was escorted to confinement where photographs of my injuries were taken.

- 2014-2018 While located at Columbia Correctional Institution Annex I was raped (as defined by the Prisoner Rape Elimination Act) by inmate "Reichert" in the vicinity of the institution library, in which I was able to provide a semen sample as proof. During this incident I was able to secure a witness statement from inmate "Laudermilk".

- 2014-2018 While located at Columbia Correctional Institution Annex I was raped/sexually assaulted by inmate "Strickland" (as defined by the Prisoner Rape Elimination Act).

- 2014-2018 While located at Columbia Correctional Institution Annex, I was attacked and sprayed with chemical agents for no apparent reason by a correctional officer.

- 2014-2018 While located at Columbia Correctional Institution Annex, my trial transcripts and all related legal documents were "lost" or stolen by staff members while I was in confinement, preventing me from pursuing any relief in the courts.

LEGAL

- 2019 - 2020 While located at Okeechobee Correctional Institution I was raped while located in my assigned cell (as defined by the Prisoner Rape Elimination Act) by an unidentified black inmate, even though there existed surveillance footage of the unknown assailant, staff refused to positively identify him, and no I.G. investigation was ever undertaken.

- 2020 - 2022 While located at Holmes Correctional Institution I was assaulted by a correctional officer on the recreation yard who sprayed me with chemical agents for no apparent reason.

- I have suffered from 'defamation of character' where I was arrested without probable cause, and convicted of a crime which I did not commit. As a result, a promising military career was ruined by loss of wages and all retirement benefits.

- I maintain my innocence of any and all charges against me, real or imaginary. I was set up and framed by the Tampa Police Department who planted evidence on me in the the form of a firearm, in order to establish the "probable cause" necessary to effect a lawful arrest. Without the alleged murder weapon, there existed no probable cause to restrain me and place me under arrest. T.P.D. Homicide falsely reported that immediately following my apprehension, which was the result of an issued B.O.L.O., I was lifted up off the ground, and a firearm was "discovered" lying directly beneath me. This is impossible and ridiculous because I am asserting that if I had been in possession of the alleged murder weapon, then fingerprint analysis should be able to positively identify my fingerprints on the weapon, which they do not. I did not murder the victim whom I was unlawfully convicted of killing nor did I at any time have possession of the alleged murder weapon used in this case.

- I am experiencing extremely debilitating pain and suffering both mentally and physically due to the many years of abuse incurred as a result of a wrongful conviction.



Does this claim rely on newly discovered evidence?   Yes ☑   No ☐

If "yes," briefly state the newly discovered evidence, why it was not previously available to you through the exercise of due diligence, and how it establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found you guilty of the offense.

The newly discovered evidence being referenced in this case consists of the scientific fingerprint analysis performed on the alleged murder weapon (.40 cal. Steyr Mannlicher) in this underlying conviction of Second Degree Murder with a Firearm, FL. Stat. 782.04(2), 775.087(2), an offense for which I was never charged, nor notified by a valid charging instrument.

The police report by the Tampa Police Department, originating from the time period of this alleged offense, May 21, 2003, makes the claim that when I was arrested without probable cause, I was lying on the ground. After I was restrained with handcuffs, the arresting police officer supposedly lifted me up off of the ground and allegedly "discovered" a firearm which had been on the ground beneath me. This "discovery" was made after I was placed under arrest and forms the basis of the T.P.D.'s probable cause to arrest me.

I am contesting that I am totally innocent of the underlying offense and that at the time of my arrest there was no firearm on my person or in the vicinity of the arrest location. I am accusing the T.P.D. of planting the alleged murder weapon on my by composing a false report and introducing those false accusations and testimony to the jury during the course of my trial on February 14-15, 2006, where introduction of fingerprint analysis was not presented which would have exonerated me by proving the firearm was not in my possession at the time of my arrest, and further supporting my "actual innocence" claim by verifying that I never touched the alleged murder weapon as I stated on the record during trial: "....my fingerprints were not found on that weapon...."

*28 U.S.C. § 2244(b) Application*                **Page 2**